*C. Bates* and *D. O. Finch*, for appellants.

*J. E. Jewett*, for appellee.

---

## REYNOLDS *et al v.* MAY *et al.*

A suit commenced by attachment against "the heirs of Otis Reynolds," does not sufficiently designate the defendants, under the Code, § 1694.

An action should not, at first, be instituted against the heirs of an estate, for the collection of a debt. The estate should be administered agreeable to the Code, Chap. 83.

The heirs of an estate can only be rendered liable where an indebtedness is established against an executor, and the assets in his hands prove insufficient, and where the heirs have had a portion of the estate set apart to them.

### *Appeal from Lee District Court.*

*Opinion by* HALL, J. On the 19th of April, 1853, May & Andre filed their petition against "the heirs of Otis Reynolds." The petition sets out a demand based upon a bill of exchange, dated at Pittsburgh, April 28th, 1837, drawn by Otis Reynolds on J. & E. Walch & Co., of St. Louis, in favor of plaintiff, for the sum of five hundred dollars, payable six months after date, and directs Walch & Co. to place the same to the account of steamboat Rolla; that the bill had been presented to J. & E. Walch for payment, and by them refused; there is no averment of notice of non-payment to Reynolds, nor excuse for not giving notice; that prior to 1841 Reynolds died, holding and claiming certain real estate in Lee county, being an interest in the half-

breed Sac and Fox reservation; that in a subsequent pro-
ceeding in partition of said tract, eleven-twelfths of a share
was set off in said tract to his heirs, which they still hold
by inheritance; that the petitioner does not know the pre-
cise names of the heirs; that they are non-residents of the
state of Iowa. The petition is sworn to by D. F. Miller,
one of the counsel for plaintiff, and an attachment issued
and levied upon real estate appraised at about $1400 00.
A notice is issued against the "*heirs of Otis Reynolds*,"
and returned, "not found." A publication is made against
"*the unknown heirs of Otis Reynolds.*" D. F. Miller
files an affidavit, stating "that as he is informed and
believes the place of residence of said defendants is
unknown to said plaintiffs, and that though he has made
all the efforts within his ability to ascertain the actual res-
idence of said defendants, he has not succeeded in doing
so, and has not therefore been enabled, since the commence-
ment of this suit, to send a copy of the notice of suit, and
of the petition of plaintiff to said defendant."

At the November term, 1853, a default was entered,
and damages assessed by the clerk, and judgment rendered
for $962 against the defendants, and an order that the land
attached be sold to satisfy this judgment.

Hiram Reynolds and other heirs of Otis Reynolds bring
this case up by appeal, and assign for error:

1. The want of jurisdiction in the court below; that the
defendants could not be brought into court by the designa-
tion of "heirs;" that no judgment could be rendered
against them as heirs; that the notice was not sufficient to
make them parties.

2. The petition shows no cause of action against defend-
ants.

This cause certainly presents some peculiar features.
On the 25th day of April, 1837, Otis Reynolds drew a
bill of exchange in favor of May & Andre, on J. & E.
Walch, directing them to charge the amount against the
steamboat Rolla. Reynolds died before the year 1841.

Reynolds *v.* May.

The matter rested sixteen years after the bill was drawn, and thirteen years or more after the death of Reynolds—there never having been any notice served on Reynolds of the dishonor and non-payment by Walch—when this suit is brought in the state of Iowa, and an attachment issued against the heirs.

There is probably not a state in the union, where this debt, if just, would not be barred by the statute of limitations, or where the estate of Reynolds would not have been settled at least ten years. There is something extraordinary in this delay, as well as the manner of bringing the suit.

Section 1694 of the Code provides that "when the precise name of any defendant cannot be ascertained, he may be described as accurately as practicable, and when the name is ascertained, it shall be substituted in the proceedings." Under this section it is claimed that the suit is properly brought against "*the heirs of Otis Reynolds.*" Now what is it that is not known? 1. That Otis Reynolds had any heirs. 2. What relation his heirs bore to him if he had any. 3. Whether they bore his name or some other name. 4th. Whether they were males or females, infants or adults, sane or insane ; whether there is one or one hundred. Surely it was not the want of a knowledge of the "*precise name*," but it was unlimited ignorance of there being even any body to name or any body to describe. The Code contemplates that the defendant shall be a known person, who can be described with some certainty. That some indefinite knowledge shall exist as to the name, and it is only that which fall short of precision that can be supplied by a description of the person.

The Code certainly does not authorize the bringing of a suit in this way, by describing defendants by a class name, without reference to their number or condition. Such a description of a person is no description whatever. It gives no guide by which the officer can be governed in making service. The suit might as well have been

brought against a "Yankee," a "Hoosier," or a "Buck-eye."

The suit is improperly brought against the heirs, even if they had been named. The Code, chapter 83, furnishes a complete remedy in these cases. The estate must be administered upon; the amount liquidated by a judgment against the executor. Then the creditor can proceed by petition against the land, and have it sold. The land can also be sold on the petition of the executor.

But the law certainly does not authorize, in the first instance, a direct process and suit, and personal judgment against the heirs.

When the debt is established against the executor, and the estate in his hands proves insufficient to pay, and the heirs have received a part of the estate, they can be called upon to surrender up a sufficient amount to pay the demand. This is the *ultimatum* of their liability. To allow direct proceedings against them, without any reference to the executor for the debts of       ancestor, would certainly be novel and subversiv        'ole policy of the law in settling decedent's es'

There are several other questio         ..ed in the record, which are not noticed, as the ;     ., decided goes to the very foundation of the suit, and declares the whole proceeding to be *coram non judice* and void, on the ground that the petition shows no cause of action and has no defendant or party against whom suit can be brought or a judgment rendered. The judgment will therefore be reversed and the proceedings dismissed.

Judgment reversed.

*Reeves* and *Miller*, for appellant.

*Love* and *O'Conner*, for appellees.